IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN W. JEFFRIES,
    Plaintiff,

vs.                                                     Case No: 3:06cv344/MCR/MD

JAMES EDWARD SULLIVAN, et al.,
    Defendants.

---

## O R D E R

    Plaintiff, an inmate proceeding *pro se* and *in forma pauperis* has filed his amended complaint and the appropriate number of service copies as directed by the court.  Service of the complaint shall therefore be ordered, and the defendants shall be required to respond.  Plaintiff shall not file any reply to the defendants' response until ordered to do so by the court.  Once the identity of the John Doe defendants are ascertained, the Marshal's office will be directed to serve those defendants.

    Accordingly, it is ORDERED:

    1.    The docket shall reflect that there are six defendants in this action: James Edward Sullivan, Charles Dix, Prison Health Services, Inc. and three John Does whose identities have not yet been ascertained.  Plaintiff shall have ten days from the entry of this order on the docket in which to notify the court if this is incorrect.

    2.    The clerk shall issue summons for defendants Sullivan, Dix and Prison Health Services, Inc., indicating that defendants have 60 days in which to file a responsive pleading (which in this case will be a written report as detailed *infra*), and refer the summons to the United States Marshal with a copy of this order for each defendant and the service copies of the amended complaint. Pursuant to FED.R.CIV.P. 4(c)(2), all costs of service shall be advanced by the United States.

    3.    The Marshal shall transmit one USM-285 form and one Form 1A (revised) to the plaintiff for each known defendant along with instructions.  The instructions shall

require plaintiff to complete and return the forms to the United States Marshal's Office in Tallahassee within twenty (20) days from the date of receipt thereof. Failure by plaintiff to return the completed forms within this time period may result in the dismissal of this case.

4. Pursuant to FED.R.CIV.P. 4(d), the United States Marshal shall then send a copy of the complaint, a copy of this order, the completed Form 1A (revised) and a copy thereof, a Form 1B (revised), and a prepaid means of compliance to each known defendant through first class mail. The Marshal shall mail the forms to defendants as soon as possible so that service or waiver of service can be completed within 120 days from the date of entry of this order on the docket as contemplated by FED.R.CIV.P. 4(m).

5. If after 30 days from the mailing of the waiver of service forms and the complaint any known defendant has not returned the waiver of service form (Form 1B (revised)), the Marshal shall obtain summons from the Clerk and personally serve that defendant pursuant to FED.R.CIV.P. 4(e) (or in the case of a corporation, FED.R.CIV.P. 4(h)). Upon completion of service, the Marshal shall file with the Clerk the return and a written statement of all costs incurred of making such personal service.

6. The Clerk shall refer this file to the undersigned if the waiver form is returned for insufficient address or for similar reason, if service on any known defendant is returned unexecuted, or if the Marshal has filed a statement of costs incurred for making personal service.

7. Upon receipt of the complaint, the defendants shall review the subject matter of the complaint in order to:

> a. Ascertain the facts and circumstances surrounding the complaint;
>
> b. Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and
>
> c. Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

8. Within **sixty (60) days** of receipt of the summons, defendants shall respond to the complaint either by filing a motion to dismiss the proceeding because plaintiff has not exhausted administrative remedies or by filing a special report with the court, and a copy thereof to plaintiff, containing the following:

    a. Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the plaintiff.)

    b. Copies of any written reports prepared as a result of investigation of the inmate's allegations.

    c. All defenses, including immunity defenses. If not listed, such defenses may be considered waived.

    d. Where relevant, copies of medical or psychological or disciplinary records.

    e. Where applicable, copies of relevant administrative rules, regulations or guidelines.

The defendants are advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment. Therefore, in addition to the above-mentioned items, the special report shall be in compliance with Local Rule 56.1, and shall include all FED.R.CIV.P. 56 materials the defendants wish the court to consider.[1]

    9. No later than the date of filing the special report, the defendants shall identify the John Doe defendants by name and business address, or if this is not possible, explain what steps have been taken to ascertain the identities of these unnamed defendants. If the Doe defendants are identified, counsel shall also advise the court whether the defendants will waive formal service of process and allow an appearance to be entered on their behalf.

    10. No answer, motion to dismiss, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the court, except as set forth above.

    11. Plaintiff shall not file a reply to defendants' motion to dismiss or special report until ordered to do so by the court.

    12. Once a special report is filed, no amendments to the complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules, the plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

---

[1] The special report must contain a short and concise statement of the material facts and shall not merely re-assert plaintiff's allegations.

13. After the special report or other response to the complaint has been filed, the plaintiff shall be required to mail to the attorney for each defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court. The plaintiff shall include with the original paper to be filed with the Clerk a "certificate of service" stating the date a correct copy of the paper was mailed to the defendant or to the attorney representing the defendant. **Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the clerk and disregarded by the court**.

14. In accordance with 28 U.S.C. § 636(c)(2), the clerk shall forward to the plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it. If plaintiff wishes to consent he should sign the form and forward it to counsel for a defendant, who, if defendant consents, shall sign and forward it to counsel for the other defendant, who shall return it to the clerk only if that defendant also consents.

DONE AND ORDERED this 17th day of January, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**