**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JOHN W. JEFFRIES,**
   **Plaintiff,**

**vs.**            **Case No: 3:06cv344/MCR/MD**

**JAMES EDWARD SULLIVAN, et al.,**
   **Defendants.**

___

**O R D E R**

   This cause is before the court upon referral from the Clerk. Plaintiff in this action is proceeding *pro se* and *in forma pauperis*. He filed an amended civil rights complaint under 42 U.S.C. § 1983 on November 8, 2006. (Doc. 9). Named as the defendants are Prison Health Services, Escambia County Deputy Sheriffs James Edward Sullivan and Charles Dix, John Doe (a dorm officer at the Escambia County Jail), and two Jane Does (medical staff at the Escambia County Jail).[1] This court directed service of the complaint on January 17, 2007. (Doc. 17). On February 21, 2007 the court was informed that efforts to serve certain defendants, including Charles Dix, were unsuccessful. The waiver of service form for this defendant was returned as undeliverable marked, "Does Not Work at Escambia County Sheriff Office No Longer." (Doc. 20).

   Thereafter, the court issued an order directing plaintiff to attempt to ascertain defendant Dix's address. (Doc. 21). It has come to the court's attention that plaintiff contacted the United States Probation Office in an effort to obtain Dix's address. That

___

1 In plaintiff's original complaint (doc. 1), he named Ron McNesby, Sheriff of Escambia County, as an additional defendant. This court issued an order directing plaintiff to file an amended complaint, advising him that *respondeat superior*, without more, does not provide a basis for recovery under section 1983 (doc. 8). The amended complaint removing Sheriff McNesby followed.

Office has advised that it cannot release the address to plaintiff, an inmate, but it may release Dix's address in confidence to the United States Marshal's Service.

Plaintiff is advised that pursuant to Fed.R.Civ.P. 4(m), if service of the summons and complaint is not made upon a defendant within the prescribed time period, the court may dismiss plaintiff's claims against that defendant without prejudice to plaintiff's refiling them once the address is obtained.[2]

Accordingly, it is ORDERED:

1. The Clerk is directed to send a copy of this order, a copy of this court's original service order dated January 17, 2007 (doc. 17), and a copy of the amended complaint (doc. 9) for defendant Dix to the United States Marshal's Service, ATTN: NICOLE KEY, 111 N. Adams Street, Suite 277, Tallahassee, FL 32301. The Clerk shall also send a copy of this order to the United States Probation Office, ATTN: ANDY ELLIOTT.

2. If the Probation Office chooses to provide Mr. Dix's address, it may do so in confidence to the United States Marshal's Service at the address provided directly above. Upon receipt of Mr. Dix's address, the United States Marshal shall send a copy of the amended complaint, a copy of the court's original service order dated January 17, 2007 (doc. 17), a completed Form 1A (revised) and a copy thereof, a Form 1B (revised), and a prepaid means of compliance to defendant Charles Dix. The Marshal shall mail the forms to this defendant as soon as possible so that service or waiver of service can be completed within 120 days from the date of this court's original service order as contemplated by Fed.R.Civ.P. 4(m).

DONE AND ORDERED this 12th day of March, 2007.

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

---

[2] The court may also extend the time for service for an appropriate period, Fed.R.Civ.P. 4(m). Additionally, upon motion by plaintiff, the court may permit plaintiff to amend his complaint to re-name as a defendant the high ranking sheriff's office official who is in a position to provide the necessary information, and allow that defendant to assert his own noninvolvement. *See* Fed.R.Civ.P. 15. *Cf. Brown v. Sikes*, 212 F.3d 1205 (11th Cir. 2000); *Duncan v. Duckworth*, 644 F.2d 653 (7th Cir. 1981). Plaintiff is advised, however, that a motion for leave to amend would be premature until the additional efforts to ascertain defendant Dix's address as outlined in this order have proven unsuccessful.