IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN W. JEFFRIES,
    Plaintiff,

vs.                                                Case No: 3:06cv344/MCR/MD

JAMES EDWARD SULLIVAN, et al.,
    Defendants.

---

## O R D E R

Defendants Jane Doe 1 and Jane Doe 2 have been identified as Stephanie Clark and Annie Adams, respectively, and have filed their special reports (docs. 80, 81). Plaintiff will now be required to file a response in opposition to these reports. At some time in the future, the court may by order treat defendants' reports and the plaintiff's response as a summary judgment motion and response. Therefore, in preparing a response to the reports, plaintiff is directed to file and serve affidavits and any other documents or materials required by Fed.R.Civ.P. 56 and Local Rule 56.1(A).

In opposing a motion for summary judgment plaintiff is the nonmoving party, and as plaintiff he is the party with the burden of proof. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The rule does not require the party seeking summary judgment to submit evidence *negating* the opposing party's claim, but instead to demonstrate ("*with or without supporting affidavits*") that the Rule 56(c) standard is satisfied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Rule 56(e) permits opposition to summary judgment by any of the evidentiary materials listed in Rule 56(c) *except* the mere pleadings themselves. 106 S.Ct. at 2553. Affidavits offered in support of or in opposition to summary

judgment must be based on personal knowledge, set forth facts as would be admissible as evidence, and demonstrate that the affiant is competent to testify to the matters asserted. Fed.R.Civ.P. 56(e).

It is noted that one John Doe defendant still has not been identified or served. Plaintiff has described this individual as a male dorm officer at the Escambia County Jail on January 18, 2004, location 3NCBD15. (Doc. 9). It is incumbent upon plaintiff to ascertain the identity and whereabouts (employment or residence address) of this John Doe, so that he may be served. Plaintiff should attempt to accomplish this by contacting Ron McNesby, Sheriff of Escambia County.[1]

Accordingly, it is ORDERED:

1.      The Clerk shall change the docket to reflect that Stephanie Clark has been substituted as defendant Jane Doe 1 and Annie Adams has been substituted as defendant Jane Doe 2.

2.      Within **thirty (30) days** from the date of this order, plaintiff shall respond to the special reports filed by defendants Clark and Adams, and shall file any evidence in support of his response. Failure to do so may result in a recommendation of dismissal of plaintiff's claims against these defendants for failure to comply with an order of the court. *See* N.D. Fla. Loc. R. 41.1(B).

3.      Within **thirty (30) days** from the date of this order, plaintiff shall attempt to ascertain the identity and whereabouts of defendant John Doe (Dorm Officer at the Escambia County Jail on January 18, 2004, location 3NCBD15) by submitting a request for this information to Ron McNesby, Sheriff of Escambia County,[2] along with a copy of this

---

1 In plaintiff's original complaint (doc. 1), he named Ron McNesby, Sheriff of Escambia County, as an additional defendant. This court issued an order directing plaintiff to file an amended complaint, advising him that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. (Doc. 8). The amended complaint removing Sheriff McNesby followed. (Doc. 9). Upon motion by plaintiff, the court may permit plaintiff to amend his complaint to re-name as a defendant this high ranking sheriff's office official who is in a position to provide the necessary information concerning John Doe, and allow Sheriff McNesby to assert his own noninvolvement. *See* Fed.R.Civ.P. 15. *Cf. Brown v. Sikes*, 212 F.3d 1205 (11th Cir. 2000); *Duncan v. Duckworth*, 644 F.2d 653 (7th Cir. 1981). However, before the court will entertain a motion to amend, plaintiff will be required to take this final step in attempting to ascertain Dorm Officer John Doe's identity and address.

2 If Sheriff McNesby chooses to provide the residence address of John Doe, he may do so in confidence to the Marshal's Office at the following address: United States Marshals Service, ATTN: NICOLE KEY, 111 N. Adams Street, Suite 277, Tallahassee, FL, 32301.

*Case No: 3:06cv344/MCR/MD*

Order.  Plaintiff shall file a copy of said request with the court.  Failure to do so will result in a recommendation that plaintiff's claims against John Doe be dismissed.

      4.     The Clerk shall forward a copy of this order to Nicole Key, United States Marshals Service, 111 N. Adams St., Suite 277, Tallahassee, Florida 32301.

      DONE AND ORDERED this 28th day of August, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**