**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JOHN W. JEFFRIES,**
    **Plaintiff,**

vs.                                             **CASE NO.: 3:06cv344/MCR/MD**

**JAMES EDWARD SULLIVAN, et al.,**
    **Defendants**.

---

**O R D E R**

      Pursuant to court order, defendant Robert White has filed a special report (doc. 113). Plaintiff will now be required to file a response in opposition to the report. At some time in the future, the court may by order treat defendant's report and the plaintiff's response as a summary judgment motion and response. Therefore, in preparing a response to the report, plaintiff is directed to file and serve affidavits and any other documents or materials required by Fed.R.Civ.P. 56 and Local Rule 56.1(A).

      In opposing a motion for summary judgment plaintiff is the nonmoving party, and as plaintiff he is the party with the burden of proof. Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The rule does not require the party seeking summary judgment to submit evidence *negating* the opposing party's claim, but instead to demonstrate ("*with or without supporting affidavits*") that the Rule 56(c) standard is satisfied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Rule 56(e) permits opposition to summary judgment by any of the evidentiary materials listed in Rule 56(c) *except* the mere pleadings themselves. 106 S.Ct. at 2553. Affidavits offered in support of or in opposition to summary

judgment must be based on personal knowledge, set forth facts as would be admissible as evidence, and demonstrate that the affiant is competent to testify to the matters asserted. Fed.R.Civ.P. 56(e).

Accordingly, it is ORDERED:

Within **thirty (30) days** from the date of this order, plaintiff shall respond to the special report filed by defendant White, and shall file any evidence in support of his response. Failure to do so may result in a recommendation of dismissal of plaintiff's claims against this defendant for failure to comply with an order of the court. *See* N.D. Fla. Loc. R. 41.1(B).

DONE AND ORDERED this 13th day of December, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06cv344/MCR/MD*