**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JOHN W. JEFFRIES,**
    **Plaintiff,**

vs.                                                                       **Case No: 3:06cv344/MCR/MD**

**JAMES EDWARD SULLIVAN, et al.,**
    **Defendants.**
_____

## ORDER

    This cause is before the court upon referral from the clerk. On March 12, 2008 the District Judge denied all but one of defendants' motions for summary judgment. (Doc. 122).[1] In light of plaintiff's indigent status and the complexity of this case, the court is of the opinion that professional legal counsel would be of assistance in facilitating and expediting the prosecution of this case. The court will therefore notify members of its bar that plaintiff may be desirous of legal representation. *See Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999) (indicating that district court has broad discretion in making decision to appoint counsel for indigent civil rights plaintiff).[2] This will be done through the court's electronic filing system.

    Accordingly, it is ORDERED:

    1. The clerk shall change the docket to reflect plaintiff's current address as indicated on the Florida Department of Corrections' website: 3101 Jarvis Street, Holiday,

---

[1] The court denied summary judgment as to defendants James Sullivan, Charles Dix, Stephanie Clark and Robert White; granted summary judgment as to defendant Annie Adams; and granted summary judgment in part as to defendant Prison Health Services. (Doc. 122).

[2] Although plaintiff has not requested the appointment of counsel, the court shall assume he has no objection. If this is not the case and plaintiff in fact does not desire to be represented by counsel, he should immediately so inform the court.

Florida 34690.

    2. The clerk shall send a notice to all members of the court's bar providing in substance:

> This is a notice of an opportunity to provide pro bono representation in a case that will be tried in Pensacola. The case has survived summary judgment, and pre-trial deadlines will be set within the next thirty days. The case is *Jeffries v. Sullivan*, Case No. 3:06cv344/MCR/MD.
>
> Plaintiff, who currently resides in Holiday, Florida, seeks relief under 42 U.S.C. § 1983 as a result of an allegedly unconstitutional use of force during his arrest in Pensacola, and an allegedly unconstitutional deprivation of medical care during his pre-trial detention at the Escambia County Jail. The defendants in this action are former Escambia County Deputy Sheriffs James Edward Sullivan and Charles Dix, former Escambia County Jail dormitory officer Robert White, Jail emergency medical technician Stephanie Clark, and Prison Health Services. The events giving rise to this complaint allegedly occurred in January of 2004. Plaintiff claims that after he cooperated with defendants Sullivan and Dix in securing plaintiff's hands behind his back in handcuffs, defendant Dix pulled plaintiff's arms up and over the back of an open squad car door while defendant Sullivan repeatedly thrust a Brinkman flashlight up and under plaintiff's rib cage 25-30 times. According to plaintiff, this alleged beating caused or contributed to his lung collapsing. Plaintiff further alleges that approximately two weeks later, while confined as a pre-trial detainee at the Jail, he declared a medical emergency after experiencing symptoms of a collapsed lung. According to plaintiff, defendant Clark responded to the call, took plaintiff to the medical department for further evaluation, provided him with Mylanta and, after plaintiff's symptoms appeared to ease, returned him to his dormitory noting that although he should probably go to the hospital she would not authorize it due to cost and fear of reprimand. Plaintiff asserts that almost immediately following his return to his dormitory his symptoms returned (sharp pain in his chest, shortness of breath, and an inability to breathe unless he stood with his arms raised over his head). He reported his inability to breathe to defendant White who, according to plaintiff, ordered plaintiff to either return to his cell or sit at a table. Plaintiff claims that for several hours defendant White observed plaintiff sitting at a table gasping for air, at times losing consciousness and requiring the assistance of other inmates in order to maintain his unusual breathing posture, and that White ignored plaintiff's need for medical assistance and inmates' pleas for help. The parties do not dispute that plaintiff was eventually taken to Sacred Heart Hospital where he was diagnosed with a complete right pneumothorax requiring emergent care. Plaintiff states that as a result of defendants' conduct, he experienced severe

pain and permanent injury. The court denied defendants Sullivan's and Dix's motions for summary judgment, concluding that there were several genuine issues of fact for trial and that based on plaintiff's version of events, a reasonable jury could find that the force used incident to plaintiff's arrest was unreasonable. The court denied defendant Clark's motion for summary judgment, concluding that there were several genuine issues of fact for trial and that based on plaintiff's version, a reasonable jury could find that at the time she provided medical care to plaintiff, his condition presented a serious medical need and she was deliberately indifferent to that need. The court denied defendant White's motion for summary judgment, concluding that there were several genuine issues of fact for trial and that based on plaintiff's version of events, a reasonable jury could find that White was deliberately indifferent to plaintiff's serious medical need. The court denied defendant Prison Health Service's motion for summary judgment on the issue of whether it had a policy or custom of basing medical treatment on cost instead of need reflecting deliberate indifference to inmates' rights to constitutionally adequate medical care, finding that genuine issues of fact for trial exist and that based on plaintiff's version of the facts, a reasonable jury could find a custom or policy of deliberate indifference. (Docs. 119, 122).

Public funds are not available for payment of attorney's fees. Fees may be recoverable under applicable law if plaintiff ultimately prevails. *See* 42 U.S.C. § 1988. Limited funds sometimes are available from the district's Bench and Bar Fund for payment of out-of-pocket expenses incurred by attorneys providing representation of this type.

Members of the district's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to undertake the representation. Any attorney who wishes to provide representation may contact plaintiff directly and may enter the case by filing a notice of appearance. If counsel appears, the court will hold a scheduling conference by telephone and will consider what discovery, if any, is indicated.

Any attorney who wishes to appear should file a notice of appearance by April 21, 2008.

DONE AND ORDERED this 17th day of March, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06cv344/MCR/MD*